RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Asst. Section Chief
LAWSON E. FITE, Trial Attorney (Oregon Bar No. 055573)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>       Plaintiff,<br><br>v.<br><br>H. DALE HALL, Director of the United States Fish and Wildlife Service, and DIRK KEMPTHORNE, Secretary of the United States Department of the Interior,<br><br>       Defendants. | No. 1:08-cv-00335-RMU<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Federal Defendants in this action, H. Dale Hall, Director of the United States Fish and Wildlife Service, and Dirk Kempthorne, Secretary of the United States Department of the Interior (collctively "Service"), enter this Answer to the above-captioned Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

# I. INTRODUCTION

1.  The allegations in paragraph 1 are characterizations of Plaintiff's case and conclusions of law, to which no response is required.

2.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2, and on that basis deny the allegations. In response to the allegations in the second sentence of paragraph 2, Defendants admit that Plaintiff filed a petition to list 12 penguin species as threatened or endangered under the Endangered Species Act, but are otherwise without knowledge sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations. Defendants admit the allegations in the third sentence of paragraph 2.

3.  Defendants admit the allegations in the first sentence of paragraph 3. The allegations in the second and third sentences of paragraph 3 purport to characterize certain provisions of the Endangered Species Act ("ESA"), which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

4.  Defendants admit the allegations in paragraph 4.

5.  The allegations in the first sentence of paragraph 5 are conclusions of law which require no response. Defendants admit the allegations in the second sentence of paragraph 5, but aver that the Defendants are presently completing the 12-month finding on Plaintiff's petition. The allegations in the third sentence of paragraph 5 are conclusions of law which require no response.

# II. JURISDICTION AND VENUE

6.  The allegations in paragraph 6 are conclusions of law to which require no response.

7.  In response to the allegations in paragraph 7, Defendants admit receiving a letter dated

December 3, 2007 purporting to provide notice of intent to sue. The remaining allegations in paragraph 7 are conclusions of law which require no response.

8. The allegations in the first sentence of paragraph 8 purport to characterize Plaintiff's letter purporting to provide notice of intent to sue, a document that speaks for itself and is the best evidence of its contents. Any allegations in the first sentence of paragraph 2 that are inconsistent with the plain language and meaning of the letter are denied. The allegations in the second sentence of paragraph 8 consist of conclusions of law, to which no response is required.

9. The allegations in paragraph 9 consist of conclusions of law, to which no response is required.

### III. PARTIES

10. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 concerning the Plaintiff, and on that basis deny the allegations.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 concerning the Plaintiff, and on that basis deny the allegations.

12. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 concerning the Plaintiff, and on that basis deny the allegations.

13. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 concerning the Plaintiff, and on that basis deny the allegations.

14. Defendants deny the allegations in paragraph 14.

15. In response to the allegations in paragraph 15, Defendants admit that species listed under the ESA receive certain legal protections, as detailed in the text of the ESA and its implementing regulations. The remaining allegations consist of characterizations of Plaintiff's case or conclusions of law to which no response is required.

16.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis deny the allegations.

17.    Defendants deny the allegations in paragraph 17.

18.    Defendants deny the allegations in the first sentence of paragraph 18. The allegations in the second and third sentences are characterizations of Plaintiff's case and conclusions of law, to which no response is required.

19.    In response to the allegations in the first sentence of paragraph 19, Defendants admit that the Secretary of the Interior ("Secretary") is charged with administering the ESA with respect to certain species, but otherwise deny the remainder of the allegations in the first sentence of paragraph 19. The allegations in the second sentence of paragraph 19 are characterizations of Plaintiff's case which require no response.

20.    In response to the allegations contained in the first and second sentences, Defendants admit that the Director of the Fish and Wildlife Service has been delegated the responsibility of administering the ESA with respect to certain species. In response to the allegations in the third sentence of paragraph 20, Defendants admit that they, to date, have not published a 12-month finding on the ten penguin species petitioned for listing under the ESA, and aver that Defendants are currently completing a status review of the species.

## IV. STATUTORY BACKGROUND

21.    The allegations in the first sentence of paragraph 21 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations in the first sentence of paragraph 21 that are inconsistent with the plain language and meaning of the ESA are denied. The allegations in the second, third, and fourth sentences of paragraph 21 cite from and purport to characterize the Supreme Court's decision in Tennessee

Valley Authority v. Hill, 437 U.S. § 153 (1978), a decision that speaks for itself and is the best evidence of its contents. Any allegations in the second, third, and fourth sentences of paragraph 21 that are inconsistent with the plain language and meaning of the decision are denied.

22. The allegations in paragraph 22 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

23. The allegations in paragraph 23 purport to characterize provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

24. The allegations in the first sentence of paragraph 24 purport to characterize certain provisions of the regulations implementing the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the regulations are denied. The allegations in the second sentence of paragraph 24 consist of conclusions of law or characterizations of Plaintiff's case which require no response.

25. The allegations in paragraph 25 purport to characterize certain provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA or of the regulations are denied.

26. The allegations in paragraph 26 purport to characterize certain provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA or of the regulations are denied.

27. The allegations in paragraph 27 purport to characterize certain provisions of the ESA, which

speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

28. The allegations in paragraph 28 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

29. The allegations in paragraph 29 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

30. The allegations in paragraph 30 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

31. The allegations in paragraph 31 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

32. The allegations in paragraph 32 purport to characterize provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

33. The allegations in the first sentence of paragraph 33 are conclusions of law which require no response. Defendants admit the allegations in the second sentence of paragraph 33. In response to the allegations in the third sentence of paragraph 33, Defendants admit that ESA listing may increase public awareness of a species, but otherwise lack information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis deny them. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth

sentence of paragraph 33, and on that basis deny them.

34. The allegations in paragraph 34 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

35. The allegations in paragraph 35 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

36. The allegations in paragraph 36 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

37. The allegations in paragraph 37 are conclusions of law which require no response.

38. The allegations in paragraph 38 are conclusions of law or characterizations of Plaintiff's case which require no response.

## V. FACTUAL BACKGROUND

39. In response to the allegations in the first sentence of paragraph 39, Defendants admit that penguins are distributed throughout the southern hemisphere and that 17 penguin species are currently recognized by the World Conservation Union ("IUCN") and BirdLife International, of which, under the IUCN's standards, 3 species are considered "Endangered," 7 species are considered "Vulnerable," 5 species are considered "Of Least Concern," and 2 species are considered "Not Threatened." Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in the first sentence of paragraph 39, and on that basis deny them. In response to the second sentence of paragraph 39, Defendants admit that the Galapagos Penguin is currently protected under the ESA.

40.     In response to the allegations in the first sentence of paragraph 40, Defendants admit receiving Plaintiff's petition to list 12 penguin species as threatened or endangered under the ESA on November 28, 2006, but are without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in the first sentence of paragraph 40, and on that basis deny them. With respect to the allegations in the second sentence of paragraph 40, Defendants admit that some of the petitioned penguin species are affected by introduced predators, habitat destruction, disturbance at breeding colonies, oil spills, marine pollution, and direct harvest, but deny that all species are subject to these factors. Defendants otherwise are without information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 40, and on that basis deny them. Defendants further aver that they are currently completing an assessment of these factors in the status review of 10 penguin species petitioned for listing under the ESA. In response to the allegations in the third sentence of paragraph 40, Defendants admit that impacts from fisheries have been documented for some penguin species, but otherwise deny the allegations. The allegations in the fourth sentence of paragraph 40 are legal conclusions which require no response.

41.     Defendants deny the allegations in the first and second sentences of paragraph 41. In response to the allegations in the third sentence of paragraph 41, the Defendants admit that changes in the marine environment have affected some species of penguins, but otherwise deny the allegations. Defendants further aver that these effects are being examined in the ongoing status review of the ten penguins species petitioned for listing under the ESA. Defendants deny the allegations in the fourth sentence of paragraph 41.

42.     Defendants admit the allegations in the first, second, third, fourth, and fifth sentences of paragraph 42. In response to the allegations in the sixth sentence of paragraph 42, Defendants admit

that changes in the marine habitat have been documented to impact individual colonies of the emperor penguin, but otherwise deny the allegations and further aver that this impact is currently being assessed in the Defendants' status review of the species. Defendants deny the allegations in the seventh, eighth, and ninth sentences of paragraph 42.

43. Defendants admit the allegations in the first sentence of paragraph 43. In response to the allegations in the second sentence of paragraph 43, Defendants admit that some sites have been abandoned, but otherwise deny the allegations. Defendants admit the allegations in the third sentence of paragraph 43. In response to the allegations in the fourth sentence of paragraph 43, Defendants admit that changes in the marine environment have been documented as impacting the species, but otherwise deny the allegations and further aver that this impact is currently being assessed in the Defendants' status review of the species. In response to the allegations in the fifth sentence of paragraph 43, Defendants admit that historical exploitation of guano and egg collecting, oil pollution, and commercial fishing have been linked to impacts on the species, but otherwise deny the allegations in the fifth sentence of paragraph 43 and further aver that these impacts are currently being assessed in the Defendants' status review of the species. Defendants admit the allegations in the sixth, seventh, and eighth sentences of paragraph 43.

44. Defendants admit the allegations in the first sentence of paragraph 44. The allegations in the second sentence of paragraph 44 are denied. Defendants admit the allegations in the third sentence of paragraph 44. In response to the allegations in the fourth sentence of paragraph 44, Defendants admit that declines of the species have been attributed to changes in the marine habitat, but otherwise deny the allegations, and further aver that effects from changes in the marine environment are currently being examined in Defendants' status review of the species. Defendants deny the allegations in the fifth sentence of paragraph 44. In response to the sixth sentence of paragraph 44,

Defendants admit that the species has experienced past declines and further aver that current declines are anecdotally reported. Defendants admit the allegations in the seventh, eighth, and ninth sentences of paragraph 44.

45. Defendants admit the allegations in the first and second sentences of paragraph 45. In response to the allegations in the third sentence of paragraph 45, Defendants admit that impact from invasive predator species on the Fiordland Crested Penguin has been documented, but otherwise deny the allegations and further aver that the impact from nonnative predators is being examined in the Defendants' status review of the species. In response to the allegations in the fourth sentence of paragraph 45, Defendants admit that predation on the species by introduced predators has been documented, but otherwise deny the allegations, and further aver that this factor is being assessed in the Defendants' status review of the species. In response to the allegations in the fifth sentence of paragraph 45, Defendants admit that a survey effort in 1990-1995 estimated the population to be 2,500 to 3,000 breeding pairs, but are without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in the fifth sentence of paragraph 45, and on that basis deny them.

46. Defendants admit the allegations in the first, second, third sentences of paragraph 46. In response to the allegations in the fourth sentence of paragraph 46, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis deny them. In response to the allegations in the fifth sentence of paragraph 46 Defendants admit that changes in the marine environment have been documented to affect the Humboldt Penguin, but otherwise deny the allegations and further aver that this impact is currently being assessed in the Defendants' status review of the species. In response to the sixth sentence of paragraph 46, Defendants admit that commercial fishing is impacting the species, but otherwise deny

the allegations. Defendants admit the allegations in the seventh sentence of paragraph 46. In response to the allegations in the eighth and ninth sentences of paragraph 46, Defendants admit that El Niño events have historically led to large fluctuations in Humboldt penguin numbers as a result of reproductive failure and starvation of the species, but otherwise deny the allegations.

47.     Defendants admit the allegations in the first, second, third, and fourth sentences of paragraph 47. In response to the allegations in the fifth sentence of paragraph 47, Defendants admit that changes in prey abundance and composition have been documented for one study colony of the Macaroni penguin, but otherwise deny the allegations. Defendants deny the allegations in the sixth and eighth sentences of paragraph 47. Defendants admit the allegations in the seventh sentence of paragraph 47.

48.     Defendants admit the allegations in the first and second sentences of paragraph 48. Defendants deny the allegations in the third sentence of paragraph 48. In response to allegations in the fourth sentence of paragraph 48, Defendants admit that some research has attempted to link changes in the marine environment and productivity with declines in the population of the species, but otherwise deny the allegations, and further aver that this factor is being examined in the Defendants' status review of the species. In response to the allegations in the fifth sentence of paragraph 48, Defendants admit that overfishing and oil pollution can impact the species, but otherwise deny the allegations, and further aver that these impacts are being assessed in the Defendants' status review of the species. In response to the allegations in the sixth sentence of paragraph 48, Defendants admit that the current global population of Southern Rockhopper penguins is estimated to be 1.5 to 1.7 million pairs, but otherwise deny the allegations.

49.     Defendants admit the allegations in the first, second, and third sentences of paragraph 49. In response to the allegations in the fourth sentence of paragraph 49, Defendants admit that

predation by introduced predators and habitat degradation has been documented to impact the species, but otherwise deny the allegations and further aver that these impacts are currently being assessed in Defendants' status review of the species. Defendants admit the allegations in the fifth sentence of paragraph 49 and further aver that the impact from fisheries by-catch is currently being assessed in Defendant's status review of the species. In response to the allegations in the sixth sentence of paragraph 49, Defendants admit that the species lives adjacent to shipping lanes and that an oil spill could potentially impact the species, but otherwise deny the allegations and further aver that this potential impact is being assessed in Defendants' status review of the species. Defendants deny the allegations in the seventh sentence of paragraph 49. In response to the allegations in the eighth sentence of paragraph 49, Defendants admit that the numbers of White-flippered penguins are much reduced, but are without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in the eighth sentence of paragraph 49, and on that basis deny them. Defendants admit the allegations in the ninth and tenth sentences of paragraph 49. Defendants deny the allegations in the eleventh sentence of paragraph 49.

50. Defendants admit the allegations in the first and second sentences of paragraph 50. Defendants deny the allegations in the third sentence of paragraph 50. In response to the allegations in the fourth sentence of paragraph 50, Defendants admit that impacts to the species from loss of habitat, predation by introduced mammals, and fisheries by-catch have been documented, but otherwise deny the allegations and further aver that these impacts are currently being assessed in Defendants' status review of the species. Defendants admit the allegations in the fifth sentence of paragraph 50.

51. In response to the allegations in the first sentence of paragraph 51, Defendants admit receiving a petition dated November 28, 2006 from Plaintiff requesting that the Service list 12

species of penguins as endangered or threatened under the ESA. The remaining allegations in the first sentence of paragraph 51 purport to characterize Plaintiff's petition, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the petition are denied. Defendants admit the allegations in the second sentence of paragraph 51.

52.    Defendants admit the allegations in paragraph 52.

53.    The allegations in the first sentence of paragraph 53 are conclusions of law which require no response. In response to the second sentence of paragraph 53, Defendants admit that, to date, they have not issued 12-month findings for the 10 species of penguins, and aver that the findings are currently being completed. The allegations in the third sentence of paragraph 53 are conclusions of law which require no response.

## VI. CLAIM FOR RELIEF

54.    All responses to allegations in the above paragraphs are incorporated herein by reference.

55.    Defendants deny the allegations in paragraph 55.

## VII. PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent a response may be deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiff's Complaint remain unanswered, Defendants deny such allegations.

## AFFIRMATIVE DEFENSES

1.  Plaintiff lacks standing to bring some or all claims.

2.  Plaintiff has failed to state a claim upon which relief may be granted.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for the Defendants, and that the Court order such other and further relief as the Court may allow.

Dated: June 11, 2008                    Respectfully Submitted,

                                              RONALD J. TENPAS, Assistant Attorney General
                                              JEAN E. WILLIAMS, Section Chief
                                              LISA L. RUSSELL, Asst. Section Chief

                                              */s/ Lawson E. Fite*
                                              LAWSON E. FITE,
                                              Trial Attorney (Oregon Bar No. 055573)
                                              U.S. Department of Justice
                                              Environment & Natural Resources Division
                                              Wildlife & Marine Resources Section
                                              Ben Franklin Station
                                              P.O. Box 7369
                                              Washington, DC 20044-7369
                                              Phone: (202) 305-0217
                                              Fax: (202) 305-0275
                                              Email: lawson.fite@usdoj.gov

                                              Attorneys for Federal Defendants

Of Counsel:
Shawn Finley
Office of the Solicitor
Division of Parks and Wildlife
U.S. Department of the Interior
MS 3210, 1849 C Street N.W.
Washington, D.C. 20240

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>            Plaintiff,<br><br>    v.<br><br>H. DALE HALL, Director of the United States Fish and Wildlife Service, and DIRK KEMPTHORNE, Secretary of the United States Department of the Interior,<br><br>            Defendants. | No. 1:08-cv-00335-RMU<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on June 11, 2008, I electronically filed the foregoing ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

                                                                                                */s/ Lawson E. Fite*
                                                                                                LAWSON E. FITE