Michael Senatore (DC Bar # 453116)
CENTER FOR BIOLOGICAL DIVERSITY
1601 Connecticut Avenue, N.W., Suite 701
Washington, D.C.  20009
202-232-1216 (phone)
202-232-1217 (fax)
msenatore@biologicaldiversity.org

Attorney for Plaintiff

RONALD J. TENPAS, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney (Oregon Bar No. 055573)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0217
Facsimile: (202) 305-0275
lawson.fite@usdoj.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,  )  )  ) | No. 1:08-cv-00335-RMU |
| Plaintiff,  ) | **STIPULATED SETTLEMENT** |
| ) | **AGREEMENT AND PROPOSED** |
| v.  ) | **ORDER** |
| ) | |
| H. DALE HALL, Director of the United  ) States Fish and Wildlife Service, and DIRK  ) KEMPTHORNE, Secretary of the United  ) States Department of the Interior,  )  ) | |
| Defendants.  ) | |

Plaintiff, the Center for Biological Diversity ("Center"), and Defendants, H. Dale Hall, Director of the United States Fish and Wildlife Service, and Dirk Kempthorne, Secretary of the United States Department of the Interior (collectively "Service"), by and through their undersigned counsel, state as follows:

WHEREAS, on November 29, 2006, the Service received from the Center a petition requesting that the Service list twelve penguin species as endangered or threatened under the Endangered Species Act ("ESA");

WHEREAS, on July 11, 2007 the Service made a 90-day finding, pursuant to 16 U.S.C. § 1533(b)(3)(A), that the petition presented substantial scientific information indicating that listing the ten following penguin species may be warranted: emperor penguin, *Aptenodytes forsteri*; southern rockhopper penguin, *Eudyptes chrysocome*; northern rockhopper penguin, *Eudyptes moseleyi* (*E. chrysocome moseleyi*); fiordland crested penguin, *Eudyptes pachyrhynchus*; erect-crested penguin, *Eudyptes sclateri*; macaroni penguin, *Eudyptes chrysolophus*; white-flippered penguin, *Eudyptula albosignata* (*E. minor albosignata*); yellow-eyed penguin, *Megadyptes antipodes*; African penguin, *Spheniscus demersus*; and Humboldt penguin, *Spheniscus humboldti* (collectively "the ten penguin species"); and initiated a status review of these species, 72 Fed. Reg. 37,695 (July 11, 2007);

WHEREAS, on February 27, 2008, the Center filed a Complaint for declaratory and injunctive relief, challenging the Secretary's failure, as to the ten penguin species, to issue a twelve-month finding in response to the petition as required by 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, Plaintiff and Defendants, through their authorized representatives and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims,

have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, Plaintiff and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before December 19, 2008, the Service shall submit to the Federal Register findings indicating that listing the ten penguin species is (a) warranted; (b) not warranted; or (c) warranted but precluded by higher priority listing actions, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2. Either party may seek to modify the deadline for the actions specified in Paragraph 1, above, for good cause shown consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 3.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) in a good-faith effort to resolve the

claim before pursuing relief from the Court. If the parties are unable to resolve the claim after conferring, either party may pursue relief from the Court.

4. This Agreement only requires the Defendants to take action by the deadline specified in Paragraph 1 and does not limit the Service's authority with regard to the substantive outcome of any determinations. To challenge any petition finding issued in accordance with this Agreement, Plaintiff will be required to file a separate action. Plaintiff does not waive its ability to challenge substantive decisions made by the Defendants pursuant to Paragraph 1, above, and Defendants do not waive any applicable claims or defenses.

5. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination pursuant to 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

6. Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay to Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendants agree to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $8,500.00. A check will be made payable in that amount to the Center for Biological Diversity, and mailed to Plaintiff's undersigned counsel, Michael Senatore, 1601 Connecticut Avenue, N.W., Suite 701, Washington, D.C. 20009. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

7. Plaintiff agrees to accept payment of $8,500.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation,

through and including the date of this agreement. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

8. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforeseen continuation of this action.

9. By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

10. Plaintiff recognizes that Defendants assert that no provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. Defendants recognize that Plaintiff asserts that (a) this Agreement and its terms do not create a conflict with the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1)(B), because the duty to make petition findings are required in non-discretionary terms by the ESA; and (b) the Anti-Deficiency Act would not excuse compliance with a pre-existing, court-approved Agreement. Plaintiff intends to assert this position if Defendants fail to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defenses to such a claim.

11. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

12.  The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein. None of the provisions or obligations of this Settlement Agreement shall become binding and effective unless and until the Court enters an Order approving the terms of this Settlement Agreement . The Effective Date of this Agreement shall be the date the Court enters the Order.

13.  The terms of this Agreement constitute the entire agreement of the Parties with regard to Plaintiff's claims set forth in the above-captioned case, and no statement, agreement or understanding, oral or written, which is not contained herein, shall be recognized or enforced.

14.  Upon approval of this Agreement by the Court, Plaintiff's Claims for Relief shall be dismissed with prejudice. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).

//
//
//
//
//
//
//

DATED: September 5, 2008.                    Respectfully submitted,

    */s/ Michael Senatore*
Michael Senatore (DC Bar # 453116)
CENTER FOR BIOLOGICAL DIVERSITY
1601 Connecticut Avenue, N.W., Suite 701
Washington, D.C. 20009
202-232-1216 (phone)
202-232-1217 (fax)
msenatore@biologicaldiversity.org

Attorney for Plaintiff

RONALD J. TENPAS, Asst. Attorney General
JEAN E. WILLIAMS, Section Chief

    */s/ Lawson E. Fite*
LAWSON E. FITE,
Trial Attorney (Oregon Bar No. 055573)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

## **PROPOSED ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: this _____ day of _____, 2008.

_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> H. DALE HALL, et al., <br><br> Defendants. | No. 1:08-cv-00335-RMU <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that on September 5, 2008, I electronically filed the foregoing STIPULATED SETTLEMENT AGREEMENT AND PROPOSED ORDER with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

                                                           */s/ Lawson E. Fite*
                                                          LAWSON E. FITE